UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BYER CLINIC OF CHIROPRACTIC, LTD, an Illinois corporation, individually, and as the representative of a class of similarly situated persons,<br><br>        Plaintiff,<br><br>    v.<br><br>THE ALLSTATE CORPORATION, LENSINK AGENCY, INC. and JOHN DOES 1-10<br><br>        Defendants. | Case No. 1:14-cv-6247 |

## NOTICE OF REMOVAL

Defendant, The Allstate Corporation ("TAC") hereby removes to this Court the state court action described below:

1. On July 8, 2014, Byer Clinic of Chiropractic, Ltd. ("Plaintiff") filed this putative class action alleging claims for (1) violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, (2) common-law conversion, and (3) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2. Each of these claims arises out of Defendants' alleged transmission to Plaintiff of an unsolicited facsimile message on or about June 19, 2014. (*See generally* Compl. ¶¶ 1, 13-17.) In addition to injunctive relief, Plaintiff seeks compensatory damages and attorney fees and costs. (Compl. at 17, Prayer for Relief ¶¶ B-D.)

2. This action was filed in the Circuit Court for Cook County, Illinois, and titled *Byer Clinic of Chiropractic, Ltd., an Illinois corporation, individually and as the representative*

*of a class of similarly-situated persons v. The Allstate Corporation*, *Lensink Agency, Inc. and John Does 1-10*, Case No. 2014-CH-11197 ("Complaint").

3. Pursuant to 28 U.S.C. § 1446(a), TAC has attached all process, pleadings and orders served upon TAC as Exhibit A. However, the documents served on TAC do not include the Complaint. (*See generally* Ex. A.) TAC has attached the Complaint separately as Exhibit B.

4. In addition to TAC, the Complaint names The Lensink Agency, Inc. ("Lensink") and John Does 1-10 as defendants. (Compl. ¶¶ 11, 12.) In accordance with 28 U.S.C. § 1446(b)(2)(A), Lensink consents to this removal. *See* Consent to Removal, attached hereto as Exhibit C.[1]

5. TAC was served with this lawsuit on July 15, 2014. Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446.

6. Promptly after filing this Notice of Removal and in accordance with § 1446(d), TAC shall give written notice to Plaintiff of its filing of this Notice of Removal and will file a copy of such notice with the clerk of the Circuit Court of Cook County, Illinois.

7. Plaintiff's Complaint is removable to this Court, and this Court has jurisdiction over this litigation, on at least two separate and independent grounds. First, this removal is proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a), because the Complaint raises a federal question under the TCPA. Second, removal is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, 28 U.S.C. § 1441 (a) and (b), and 28 U.S.C. § 1453.

---

[1] At the time of removal, there is no evidence in the state court record that John Does 1-10 have been served with the Complaint.

**I.      This Court Has Federal Question Jurisdiction Over This Action.**

8.      Plaintiff has alleged a claim under the TCPA, a federal statute. (Compl. ¶¶ 21-34). Federal question jurisdiction exists under 28 U.S.C. § 1331 for claims brought under the TCPA. *Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct 740, 747 (2012) (holding that federal courts have federal question jurisdiction over private TCPA suits); *see Speidel v. Am. Honda Fin. Corp.*, No. 2:14-cv-19-FTM-38CM, 2014 WL 820703 (M.D. Fla. Mar. 3, 2014) (denying plaintiff's motion to remand because the court had federal question jurisdiction arising out of plaintiff's TCPA claim).

9.      In addition, this Court has jurisdiction over Plaintiff's state law claims for conversion and violation of the ICFA. *See* 28 U.S.C. § 1367(a) (providing that federal courts "have supplemental jurisdiction over all other claims that are so related to claims [within the original jurisdiction] that they form part of the same case or controversy"). Here, Plaintiff's claims arise from the same transaction that forms the basis of its TCPA claim. Thus, this Court has supplemental jurisdiction over Plaintiff's state-law claims. *See Anderson v. AON Corp.*, 614 F.3d 361, 364 (7th Cir. 2010).

10.     Accordingly, this Court has jurisdiction over all claims in the Complaint and removal is proper.

**II.     This Court Also Has Jurisdiction Over This Action Under CAFA.**

11.     Plaintiff filed this putative class action Complaint seeking to certify three classes, one for each count, under 735 ILCS 5/2-801 (the Illinois equivalent to Rule 23 of the Federal Rules of Civil Procedure). The TCPA class consists of:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, and (3) which did not display a proper opt-out notice.

(Compl. ¶ 21.) The Conversion class consists of:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendants.

(Compl. ¶ 36.) The ICFA class consists of:

> All persons (1) who on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendants.

(Compl. ¶ 48.)

12. CAFA expands federal jurisdiction over class actions by amending 28 U.S.C. § 1332 to grant original jurisdiction where: (1) the putative class contains at least 100 class members; (2) any member of the putative class is a citizen of a state different from that of any defendant; (3) and the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

13. Here, Plaintiff alleges that there are more than 40 putative class member (*see, e.g.*, Compl. ¶ 17) and further contends that the practice is ongoing (Compl. ¶ 2). In suits where plaintiffs allege the existence of a purported campaign of unsolicited "junk faxes," the number of recipients (the putative class members) commonly reaches into the multiple hundreds or thousands. *See, e.g.*, *Am. Art China Co. v. Foxfire Printing & Packaging, Inc.*, 743 F.3d 243 (7th Cir. 2014) (fax blasting TCPA case with "tens of thousands of recipients"); *Arnold Chapman & Paldo Sign & Display Co. v. Wagener Equities, Inc.*, 747 F.3d 489 (7th Cir. 2014) (same). Thus, the requisite number of putative class members is satisfied here.

14. CAFA's minimal diversity requirement is similarly met. Defendant TAC is a Delaware corporation with its principal place of business in Northbrook, Illinois (Declaration of

4

Katherine A. Smith ¶ 3, attached hereto as Ex. D) and thus is a citizen of the State of Illinois for diversity purposes, *see* 28 U.S.C. § 1332(c)(1). However, Plaintiff alleges a purported *nationwide* class, and thus diversity arises as to those class members who are citizens of states outside of Illinois.

15. With respect to the amount in controversy, the removing party's burden under CAFA constitutes merely "a pleading requirement, not a demand for proof." *Spivey v. Vertrue, Inc.,* 528 F.3d 982, 986 (7th Cir. 2008). Defendant must only make a "good faith estimate" so long as the estimate stems from a "plausible" basis. *See Blomberg v. Service Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011); *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830-31 (7th Cir. 2011) (Defendant's burden on removal is to present a good faith estimate of the amount in controversy based on the allegations in the Complaint). Here, Plaintiff seeks $500 per occurrence, subject to trebling if the alleged violation was knowing and/or willful. 47 U.S.C. § 227(b)(3). Thus, at $1,500 per class member, the jurisdictional amount would be satisfied even if the number of putative class members were as few as 3,334 (*i.e.,* 3,333 x $1,500 = $5 million). Therefore the amount in controversy plausibly exceeds the minimum requisite jurisdictional amount under CAFA.[2]

16. Accordingly, because the CAFA prerequisites are met, this case is properly removable under CAFA.

---

[2] To the extent Plaintiff attempts to avoid federal jurisdiction by limiting recovery on behalf of the putative class, such tactics are ineffective, and have been unanimously rejected by the United States Supreme Court. *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1349 (2013) (holding that a plaintiff's limiting recovery in a class action does not defeat federal jurisdiction under CAFA because "a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified.")

**WHEREFORE,** Defendant The Allstate Corporation respectfully requests that this Court assume full jurisdiction over this action.

Dated: August 14, 2014                                  Respectfully submitted,


                                                      /s/ Mark Hanover

Mark L. Hanover
Melissa Economy
DENTONS US LLP
233 S. Wacker Drive, Suite 7800
Chicago, IL 60606
(312) 876-8000
mark.hanover@dentons.com
melissa.economy@dentons.com

Mark J. Levin, *pro hac vice to be filed*
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 864-8235
levinm@ballardspahr.com

*Attorneys for The Allstate Corporation*

## **CERTIFICATE OF SERVICE**

I, Melissa Economy, an attorney, hereby certify that I caused a copy of the foregoing **Notice of Removal** to be served by first class mail, postage prepaid, on this 14th day of August 2014 to:

Brian J. Wanca
Ryan M. Kelly
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008

    /s/ Melissa Economy