# EXHIBIT B

Case: 1:14-cv-06247 Document #: 1-2 Filed: 08/14/14 Page 2 of 20 PageID #:63

ELECTRONICALLY FILED
7/8/2014 9:55 AM
2014-CH-11197
CALENDAR: 10
PAGE 1 of 19
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| BYER CLINIC OF CHIROPRACTIC, LTD., an Illinois corporation, individually and as the representative of a class of similarly-situated persons, ) ) ) ) ) | |
| Plaintiff, ) ) | Civil Action No.: |
| ) | Calendar |
| v. ) ) | |
| THE ALLSTATE CORPORATION, LENSINK AGENCY, INC. and JOHN DOES 1-10, ) ) ) ) | |
| Defendants. ) | |

## CLASS ACTION COMPLAINT

Plaintiff, BYER CLINIC OF CHIROPRACTIC, LTD. ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, THE ALLSTATE CORPORATION, LENSINK AGENCY, INC. and JOHN DOES 1-10 ("Defendants"):

### PRELIMINARY STATEMENT

1. This case challenges Defendants' practice of sending unsolicited facsimiles.

2. The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227 ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission. The JFPA provides a private right of action and provides statutory damages of $500 per violation. Upon

ELECTRONICALLY FILED
7/8/2014 9:53 AM
2014-CH-11197
PAGE 2 of 19

information and belief, Defendants have sent facsimile transmissions of unsolicited advertisements to Plaintiff and the Class in violation of the JFPA, including, but not limited to, the facsimile transmission of an unsolicited advertisements on June 19, 2014 ("the Fax"), a true and correct copy of which is attached hereto as Exhibit A. The Fax describes the commercial availability of Defendants' goods and services. Plaintiff is informed and believes, and upon such information and belief avers, that Defendants have sent, and may be continuing to send, unsolicited advertisements via facsimile transmission in violation of the JFPA.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA/JFPA, the common law of conversion and the consumer protection statues forbidding and compensating unfair business practices.

5. Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative fact because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely liability under the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Defendants, their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert

with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendants have transacted business and committed tortious acts related to the matters complained of herein.

7. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortuous acts complained of occurred in Cook County.

8. Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9. Plaintiff is an Illinois corporation with its principal place of business in Cook County, Illinois.

10. On information and belief, THE ALLSTATE CORPORATION ("Allstate") is an Illinois corporation with its principal place of business in Northbrook, Illinois.

11. On information and belief, LENSINK AGENCY, INC., is an Illinois corporation with its principal place of business in Rolling Meadows, Illinois.

12. John Does 1-10 will be identified through discovery, but are not presently known.

## FACTS

13. On or about June 19, 2014, Defendants transmitted by telephone facsimile machine an unsolicited fax to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

ELECTRONICALLY FILED
7/8/2014 9:53 AM
2014-CH-11197
PAGE 3 of 19

14. Defendants created or made Exhibit A which is a good or product which Defendants distributed to Plaintiff and the other members of the class.

15. Exhibit A is a part of Defendants' work or operations to market Defendants' goods or services which was performed by Defendants and on behalf of Defendants. Therefore, Exhibit A constitutes material furnished in connection with Defendants' work or operations.

16. Plaintiff had not invited or given permission to Defendants to send the facsimiles.

17. On information and belief, Defendants sent the same and other unsolicited facsimiles to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

18. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

19. Defendants' advertisements did not display a proper opt out notice as required by 47 C.F.R. 64.1200.

ELECTRONICALLY FILED
7/8/2014 9:53 AM
2014-CH-11197
PAGE 4 of 19

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

20. Plaintiff incorporates paragraphs 1 through 19 as and for its paragraph 20 as though fully set forth herein.

21. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, and (3) which did not display a proper opt-out notice.

Excluded from the Class are Defendants, their employees, agents and members of the Judiciary. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

22. A class action is warranted because:

(a) On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i) Whether Defendants sent unsolicited fax advertisements;

(ii) Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

(iii) The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit A and other unsolicited faxed advertisements;

(iv) Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

(v) Whether Defendants sent the faxed advertisements knowingly;

(vi) Whether Defendants violated the provisions of 47 USC § 227 and the regulations promulgated thereunder;

(vii) Whether Exhibit A and Defendants' other advertisements contain an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the

ELECTRONICALLY FILED
7/8/2014 9:53 AM
2014-CH-11197
PAGE 5 of 19

Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

(viii) Whether Defendants should be enjoined from faxing advertisements in the future;

(ix) Whether Plaintiff and the other class members are entitled to statutory damages; and

(x) Whether the Court should award trebled damages.

23. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

24. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

The JFPA makes unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement ..." 47 U.S.C. § 227(b)(1)(C).

25. The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a) (5).

26. **Opt-Out Notice Requirements.** The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in §(b)(1)(C)(iii) of the Act, that senders

ELECTRONICALLY FILED
7/8/2014 9:53 AM
2014-CH-11197
PAGE 6 of 19

ELECTRONICALLY FILED
7/8/2014 9:53 AM
2014-CH-11197
PAGE 7 of 19

of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

1. a statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

2. a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

3. a statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or her fax machines;

The requirement of (1) above is incorporated from § (b)(D)(ii) of the Act. The requirement of (2) above is incorporated from § (b)(D)(ii) of the Act and the rules and regulations of the Federal Communications Commission (the "FCC") in ¶31 of its 2006 Report and Order (*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005,* 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in § (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon the

7

ELECTRONICALLY FILED
7/8/2014 9:53 AM
2014-CH-11197
PAGE 8 of 19

owners of the telephone lines and fax machines giving them the right, and means, to stop unwanted faxed advertisements.

27. **2006 FCC Report and Order.** The JFPA, in § (b)(2) of the Act, directed the FCC to implement regulations regarding the JFPA, including the JFPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides among other things:

A. The definition of, and the requirements for, an established business relationship for purposes of the first of the three prongs of an exemption to liability under § (b)(1)(C)(i) of the Act and provides that the lack of an "established business relationship" precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶8-12 and 17-20);

B. The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under § (b)(1)(C)(ii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶13-16);

C. The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under § (b)(1)(C)(iii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶24-34);

D. The failure of a sender to comply with the Opt-Out Notice Requirements precludes the sender from claiming that a recipient gave "prior express permission or invitation"

to receive the sender's fax (*See* Report and Order ¶48);

As a result thereof, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements has, by definition, transmitted an unsolicited advertisement under the JFPA. This is because such a sender can neither claim that the recipients of the faxed advertisement gave "prior express permission or invitation" to receive the fax nor can the sender claim the exemption from liability contained in § (b)(C)(1) of the Act.

28. **The Fax.** Defendants sent the on or about June 19, 2014, advertisement via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone lines and facsimile machines of Plaintiff and members of the Plaintiff Class. The Fax constituted an advertisement under the Act. Defendants failed to comply with the Opt-Out Requirements in connection with the Fax. The Fax was transmitted to persons or entities without their prior express permission or invitation and/or Defendants are precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements. By virtue thereof, Defendants violated the JFPA and the regulations promulgated thereunder by sending the Fax via facsimile transmission to Plaintiff and members of the Class.

29. **Defendants' Other Violations.** Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendants have sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone lines and telephone facsimile machines of members of the Plaintiff Class faxes that constitute advertisements under the JFPA that were transmitted to persons or entities without their prior express permission or invitation (and/or that Defendants are precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements in connection

ELECTRONICALLY FILED
7/8/2014 9:53 AM
2014-CH-11197
PAGE 9 of 19

with such transmissions). By virtue thereof, Defendants violated the JFPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendants are continuing to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

30. The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the Plaintiff Class to redress Defendants' violations of the Act, and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id.*

31. The JFPA is a strict liability statute, so the Defendants are liable to the Plaintiff and the other class members even if their actions were only negligent.

32. The Defendants knew or should have known that (a) the Plaintiff and the other class members had not given express invitation or permission for the Defendants or anybody else to fax advertisements about the Defendants' goods or services; (b) the Plaintiff and the other class members did not have an established business relationship; (c) Defendants transmitted advertisements; (d) the Fax did not contain the required Opt-Out Notice; and (e) Defendants' transmission of advertisements that did not contain the required opt-out notice was unlawful.

33. The Defendants' actions caused damages to the Plaintiff and the other class members. Receiving the Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendants' faxes. Moreover, the Defendants' faxes used the Plaintiff's fax machine. The Defendants' faxes cost the Plaintiff time, as the Plaintiff and its employees wasted their time receiving, reviewing and routing the Defendants' unauthorized faxes. That time otherwise would have been spent on the Plaintiff's business activities. The

ELECTRONICALLY FILED
7/8/2014 9:53 AM
2014-CH-11197
PAGE 10 of 19

ELECTRONICALLY FILED
7/8/2014 9:53 AM
2014-CH-11197
PAGE 11 of 19

Defendants' faxes unlawfully interrupted the Plaintiff's and other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Defendants' advertisements occurred outside of Defendants' premises.

34. Even if Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, BYER CLINIC OF CHIROPRACTIC, LTD., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, THE ALLSTATE CORPORATION, LENSINK AGENCY, INC. and JOHN DOES 1-10, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award $500.00 in damages for each violation of the TCPA;

C. That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

D. That the Court award pre-judgment interest, costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

11

35. Plaintiff incorporates paragraphs 1, 3, and 6 through 18 as and for its paragraph 35 as though fully set forth herein.

36. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendants.

37. A class action is proper in that:

   (a) On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

   (b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

   (i) Whether Defendants engaged in a pattern of sending unsolicited facsimiles;

   (ii) The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited facsimiles; and

   (iii) Whether Defendants committed the tort of conversion.

38. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

39. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

ELECTRONICALLY FILED
7/8/2014 9:53 AM
2014-CH-11197
PAGE 12 of 19

40. By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

41. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

42. By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use. Such misappropriation was wrongful and without authorization.

43. Defendants knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

44. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited faxes from Defendants.

45. Each of Defendants' unsolicited fax facsimiles effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

46. Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result. Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for

ELECTRONICALLY FILED
7/8/2014 9:53 AM
2014-CH-11197
PAGE 13 of 19

13

ELECTRONICALLY FILED
7/8/2014 9:53 AM
2014-CH-11197
PAGE 14 of 19

Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, BYER CLINIC OF CHIROPRACTIC, LTD., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, THE ALLSTATE CORPORATION, LENSINK AGENCY, INC. and JOHN DOES 1-10, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B. That the Court award appropriate damages;

C. That the Court award costs of suit; and

D. Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## 815 ILCS 505/2

47. Plaintiff incorporates paragraphs 1, 3, and 6 through 18 as and for its paragraph 47 as though fully set forth herein.

48. In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendants' unfair practice of sending unsolicited and unlawful facsimiles:

> All persons (1) who on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendants.

14

ELECTRONICALLY FILED
7/8/2014 9:53 AM
2014-CH-11197
PAGE 15 of 19

49. A class action is proper in that:

   (a) On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

   (b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

   (i) Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

   (ii) The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited facsimiles;

   (iii) Whether Defendants' practice of sending unsolicited facsimiles violates Illinois public policy;

   (iv) Whether Defendants' practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

   (v) Whether Defendants should be enjoined from sending unsolicited facsimiles in the future.

50. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

15

ELECTRONICALLY FILED
7/8/2014 9:53 AM
2014-CH-11197
PAGE 16 of 19

51. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

52. Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' advertising campaign.

53. Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

54. Defendants' misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

55. Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner consumed as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, BYER CLINIC OF CHIROPRACTIC, LTD., individually and on behalf of all others similarly situated, demands judgment in its favor and

against Defendants, THE ALLSTATE CORPORATION, LENSINK AGENCY, INC. and JOHN DOES 1-10, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award damages to Plaintiff and the other class members;

C. That the Court award attorney fees and costs;

D. That the Court enter an injunction prohibiting Defendants from sending unsolicited facsimiles to Illinois consumers; and

E. Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

ELECTRONICALLY FILED
7/8/2014 9:53 AM
2014-CH-11197
PAGE 17 of 19

Respectfully submitted,

BYER CLINIC OF CHIROPRACTIC, LTD.,
individually and as the representative of a class of
similarly-situated persons

By: /s/ Brian J. Wanca
One of Plaintiff's Attorneys

Brian J. Wanca
Ryan M. Kelly
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Facsimile: 847/368-1501
Firm ID: 57010

ELECTRONICALLY FILED
7/8/2014 9:53 AM
2014-CH-11197
PAGE 18 of 19

**EXHIBIT A**

ELECTRONICALLY FILED
7/8/2014 9:53 AM
2014-CH-11197
PAGE 19 of 19

**Allstate**
You're in good hands.

CAR INSURANCE

HOME INSURANCE

CONDO INSURANCE

**WE CAN LOWER YOUR COST AND INCREASE YOUR COVERAGE ON BUSINESS INSURANCE**

Free same day quotes, same day coverage.

**Business owner's policy includes:**

- Liability
- Data Compromise/Cyber Liability
- Business Property
- Replacement Value
- Employee Theft / Dishonesty
- Income Replacement
- Vandalism
- Commercial Auto Coverage

**CALL US NOW BEFORE YOU RENEW!**

We save people like you money every day!

**WE HAVE DOZENS OF WAYS TO LOWER YOUR PREMIUMS!!**

Are you being cancelled or non-renewed?

We help with problems like that every day!!

**Jason Lensink** CIC
**Lensink Agency, Inc.**
3338 Kirchoff Rd.
Rolling Meadows, IL 60008
**847-397-7878**

For removal from our list, please call 1-888-260-9449 and leave us your fax number.